UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING RANGE, JR., <br><br> Plaintiff, <br><br> -against- <br><br> 230 WEST 41ST STREET LLC, HAT TRICK PIZZA, INC., DOMINO'S PIZZA LLC AND DOMINO'S PIZZA FRANCHISING LLC, <br><br> Defendants. | Civil Action No.: 1:17-cv-00149-LAP <br><br> **DECLARATION OF ROBERT LLOYD COOKSTON** |

Robert Lloyd Cookston, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury that the following is true and correct:

1. I am over the age of 18 and have personal knowledge of the following facts.

2. I am the owner of Defendant Hat Trick Pizza, Inc. ("Hat Trick").

3. I am also the owner of Rolling in the Dough, which provides management and other services for 49 Domino's pizza stores in the Tri-State area, and is located at 7720 Windsor Highway, Allentown, Pennsylvania 18106 and employs 5 people.

4. I respectfully submit this declaration in support of Defendants' Motion for Summary Judgment.

5. Hat Trick independently owns and operates a Domino's Pizza store at 227 West 40th Street, New York, New York 10018 (the "Property"), and currently employs 27 people.

6. Hat Trick leases the Property from Defendant 230 West 41st Street LLC ("230 West"). The current rent that Hat Trick pays to 230 West is ▇▇▇ annually, or ▇▇▇ monthly.

7. ███████████████████████

8. The entities that Rolling in the Dough manages are expected to fund any alterations or improvements through their own revenues and operate as independently profitable stores.

9. Hat Trick opened the Property as a pizza store on 40th Street in April 2002. Around that time, Hat Trick performed the build-out, but did not make changes to the entrance of the Property.

10. Since opening the store in April 2002, no changes have been made to the entrance of the Property along West 40th Street.

11. The floor of the Property is approximately two feet higher than the sidewalk, and there are two steps leading from the sidewalk to the floor.

12. Concerning the remodeling of the Property in 2015-16, other than the floor tile, sales and service counter, and customer seating, there were no additional changes to the public-facing elements of the Property.

13. Most of the work performed between the time that Hat Trick opened the pizza store at the Property to the present involved installing new pizza ovens, upgrading employee work stations, making changes to décor and lighting, updating signage and branding imagery, and various back-of-house work.

14. Upon information and belief, this lawsuit is the first ADA accessibility complaint of any kind against the Property.

15. Plaintiff never complained to the store employees or to Hat Trick until he filed his lawsuit in January 2017.

16. After Plaintiff filed the lawsuit, Defendants Hat Trick and the 230 West solicited bids for permanent accessibility solutions to address the entrance steps at the Property.

17. However, I was informed that the permanent ADA lift and related construction would cost at least $199,000.

18. Instead, we purchased a portable ramp, installed ADA signage and a doorbell at the entrance, and trained our employees on how to safety deploy the portable ramp and provide curbside service to customers with disabilities upon request.

19. Because I understand that the Property would have to close for weeks to install an ADA lift, these employees would be forced out of work for that period of time, not to mention a significant loss of business.

20. The estimated lost revenue if the Property had to close for 2 weeks, for example, would be ▮▮▮▮

21. If Hat Trick was required to install the ADA lift, serious consideration would have to be given to closing the store instead.

22. Hat Trick's right to use the Domino's Pizza name and logo, and to operate this Store, derives from a Standard Franchise Agreement it entered into with Domino's Pizza Franchising LLC.

23. Pursuant to this Agreement, Hat Trick agreed to "operate the Store in full compliance with all applicable laws, regulations and ordinances."

24. Hat Trick has no contractual or business relationship with Domino's Pizza LLC.

25. For the remainder of this Affidavit, I will collectively refer to Domino's Pizza LLC and Domino's Pizza Franchising LLC as "Domino's".

26. Domino's owns no interest in Hat Trick and plays no role in its day-to-day operations.

27. Domino's did not own, lease, operate, maintain, manage, occupy or control the Store or the subject premises in any sense.

Dated: New York, New York
February 4, 2020

_____
Robert Lloyd Cookston

STATE OF IDAHO     )
COUNTY OF BLAINE   )

On the 4 day of February, 2020, before me, Robert L. Cookston, III, personally appeared, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within Affidavit, and acknowledged to me that he executed same on behalf of Hat Trick Pizza, Inc. as its Owner, and that by his signature on the Affidavit, he executed said Affidavit.

I hereby depose and respectfully state under penalty of perjury that I am over the age of eighteen years and that I am a Notary Public pursuant to the laws of the State of Idaho currently valid through 9\15\2020 _____. I am fully acquainted with the laws of the State of Idaho pertaining to the administration and taking of oaths and affirmations. The oath by Robert L. Cookston, III, named above, was taken before me in the manner prescribed by the laws of the State of Idaho. Said oath fully conforms with the laws of the State of Idaho, and is in all respects valid and effective in this State.

IN WITNESS WHEREOF, I state that I have executed this Certificate of Conformity on 2\4\2020, 2020.

_____
NOTARY PUBLIC

[Notary Seal: JESSICA JUAREZ, NOTARY PUBLIC, MY COMMISSION EXPIRES 9-15-2020, STATE OF IDAHO, COMMISSION NUMBER]

61582716v.1