**Seyfarth**

**Seyfarth Shaw LLP**
620 Eighth Avenue
New York, New York 10018
**T** (212) 218-5500
**F** (212) 218-5526

jegan@seyfarth.com
**T** (212) 218-5291

www.seyfarth.com



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-13-2020

February 11, 2020

**VIA ECF**

Hon. Loretta A. Preska
United States District Judge
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   ***Range, Jr. v. 230 West 41st Street LLC et al.*, Case No.: 1:17-cv-00149-LAP**

Dear Judge Preska:

This firm represents Defendant 230 West 41st Street LLC ("230 West") in the above referenced matter. Pursuant to Section 2(A) of Your Honor's Individual Practices, we write jointly with Plaintiff King Range, Jr. ("Plaintiff") and Defendants Hat Trick Pizza, Inc. ("Hat Trick") (collectively with 230 West, "Defendants"), Domino's Pizza LLC and Domino's Pizza Franchising LLC, to respectfully request a pre-motion conference regarding the parties' anticipated motion to designate certain categories of information relating to Defendants' motion for summary judgment as confidential and to be filed under seal.

**I.   Background**

On February 7, 2020, Defendants filed a motion for summary judgment, with supporting declarations and exhibits. (ECF Nos. 80-89.) Defendants' motion contained the following three categories of confidential and sensitive information, which was redacted in Defendants' submission:

(1)   Information regarding the lease values of two vacant floors at the building located at 219 West 40th Street, New York, NY 10018 (the "Building"), and the lease value of the Domino's pizza store located at the ground floor of the Building, was redacted from Defendants' Memorandum of Law ("MOL") (ECF No. 88, at *15), Rule 56.1 Statement of Undisputed Facts ("Rule 56.1 Statement") (ECF No. 89, at ¶¶ 173, 182), lease (ECF No., 83, at ¶ 32, Ex. BB at 230W41ST000093), Declaration of Robert Lloyd Cookston ("Cookson's Dec.") (ECF No. 86, at ¶ 6), and deposition transcript of Jerry Steele. (ECF No. 83, at ¶ 7, Ex. D at 57:12-20.)

 **Seyfarth**

(2)     Information regarding Hat Trick's non-public finances, including its profits and losses and the structure of its business, was redacted from Defendants' MOL (ECF No. 88 at *15, 17), Rule 56.1 Statement (ECF No. 89, at ¶ 15, 27, 184), and the Cookston Dec. (ECF No. 86, at ¶¶ 19-20.)

(3)     Information regarding Plaintiff's income, which was mutually designated as confidential at Plaintiff's deposition on November 20, 2019, pursuant to the Court's Confidentiality Agreement and Order dated August 26, 2019. (ECF No. 65.) This information was redacted from both Defendants' Rule 56.1 Statement (ECF No. 89, at ¶ 6), and Plaintiff's deposition transcript.  (ECF No. 83, at ¶ 5, Ex., B at 17:19–18:17.)

Defendants narrowly tailored their redactions -- they did not redact any documents in their entirety, and strictly limited their redactions to the confidential information sought to be excluded from the public docket.

## II.     Standard For Motions To Seal

Federal Rule of Civil Procedure 26(c) permits a Court, upon a showing of good cause, to issue an order sealing documents "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  In considering whether to grant such an order, the Court must first consider whether the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006).  Here, because the categories of documents described above were submitted to the Court for its consideration in a summary judgment motion, we believe there is no issue as to whether they are judicial documents to which a presumption of access attaches. *Id.* at 121.

To assess whether the facts support sealing documents to which there is a presumption of access, the Court must first determine the weight of the presumption. "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters which come within a court's purview solely to ensure their irrelevance." *Id.* at 119.  There is a weak presumption of access attaching to irrelevant documents, and a stronger presumption attaching to those documents that directly affect the Court's decision. *Id.*

Second, the Court must "balance competing considerations against" the presumption of access to documents. *Id.* at 119-20.  These competing considerations include "the privacy interests of those resisting disclosure." *Id.*  In determining the weight to attach to privacy concerns, the Court should "first consider the degree to which the subject matter is traditionally considered private rather than public," and also weigh the "nature and degree of injury" from disclosure of the information. *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

 **Seyfarth**

The Second Circuit has held that documents that contain proprietary and confidential information, the disclosure of which would cause "financial harm" and a "competitive disadvantage" should be sealed from the public docket. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 616 (2d Cir. 2009) .

## III.   The Redacted Information Should Be Sealed From The Public Docket

### A.   The Building's Lease Values

230 West is the owner of the Building, and has two vacant floors that are on the market.  Additionally, the lease between 230 West and Hat Trick regarding the Domino's pizza store expires in 2026, at which point 230 West will need to either find another tenant or renegotiate the lease.  Thus, the lease values for the vacant floors and the Domino's pizza store fall squarely within the type of commercial information that can cause financial harm and a competitive disadvantage to 230 West if made open to the public. *See KeyBank Nat'l Assoc. v. Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (granting motion to seal lease documents, and holding that the potential injury from allowing a competitor to determine the lease values warrants protection).

### B.   Hat Trick's Financial Information

The redacted information regarding Hat Trick's profits and losses, and the structure of its finances, should be protected from disclosure.  Hat Trick is a private company, and information regarding its financial structure is proprietary and commercially sensitive material.  The Court has previously held that the privacy interests of private companies, like Hat Trick, in protecting its proprietary information, outweigh the presumption of public access . *See Go SMiLE, Inc. v. Dr. Johnathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) (granting motion to seal "highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting").

### C.   Plaintiff's Financial Information

There is a weak presumption of public access as to Plaintiff's personal financial information, which should not directly affect the Court's decision on Defendants' summary judgment motion in a case regarding alleged architectural barriers at the Domino's store. The disclosure of this information would also violate Plaintiff's legitimate privacy interests, and would not advance any public interest. *U.S. Sec. and Exchange Comm'n v. Ahmed*, 2018 WL 4266079, at *2 (D. Conn. Sept. 6, 2018) ("Both 'financial records' and 'family affairs' are among those 'privacy interests' which may support sealing of documents.") (citing *Amodeo*, 71 F.3d at 1050).

The parties thus jointly request that the Court issue an Order designating the redacted information as confidential and to be sealed from the public docket.  We thank the Court for its time and attention to this matter.

*the Court is persuaded that the redacted information is confidential and should remain so. It also is not particularly relevant to the performance of the judicial function in this case. Accordingly, the redacted material shall be sealed from the public docket.*

2/13/20

**SO ORDERED**

*Loretta A. Presley*

LORETTA A. PRESKA
UNITED STATES DISTRICT

 **Seyfarth**

Respectfully submitted,

SEYFARTH SHAW LLP

*/s/ John W. Egan*

John W. Egan

cc:     All counsel of record (via ECF)