UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

KING RANGE, JR.,

     Plaintiff,

   -against-

230 WEST 41ST STREET LLC, HAT
TRICK PIZZA, INC., DOMINO'S PIZZA
LLS, DOMINO'S PIZZA FRANCHISING
LLC ,

     Defendants.

------------------------------------------------------- X

Civil Action No.: 1:17-cv-00149-LAP

---

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR
SUMMARY JUDGMENT ON BEHALF OF DEFENDANTS
230 WEST 41ST STREET LLC AND HAT TRICK PIZZA, INC.**

---

SEYFARTH SHAW LLP

John W. Egan
Paul H. Galligan
Samuel Sverdlov
jegan@seyfarth.com
pgalligan@seyfarth.com
ssverdlov@seyfarth.com
620 Eighth Avenue, 32nd Floor
New York, New York  10018
(212) 218-5500

*Attorneys for Defendant*
*230 West 41st Street LLC*

LITCHFIELD CAVO LLP

Angela M. Objay-Stenroos
stenroos@litchfieldcavo.com
420 Lexington Avenue, Suite 2104
New York, New York 10170
(212) 434-0100

*Attorneys for Defendant*
*Hat Trick Pizza, Inc.*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ....................................................................................................................... 2

    I.    Plaintiff Has Not Satisfied His *Prima Facie* Burden Under the ADA
Alterations Standard.................................................................................................. 2

        A.    Plaintiff Has Not Identified Any Modification That Could Have
Addressed The Entrance Route................................................................. 2

               1.    Hat Trick's Door Replacement And Diamond Plating Did
Not Require Removal Of Entrance Steps Comprised Of
Structural Concrete ...................................................................... 3

        B.    There Is No Genuine Issue Over Whether Defendants Decreased
The Accessibility Of The Property ........................................................... 4

    II.    Summary Judgment Is Warranted Under The Readily Achievable Standard......... 5

        A.    Plaintiff Has Not Elicited Any Cost Information For Any Of His
Barrier Removal Proposals As Required To Satisfy His *Prima
Facie* Burden.......................................................................................... 5

        B.    Plaintiff Cannot Create A Genuine Issue Of Material Fact Through
Invalid Denials And Mischaracterizations Of The Record........................ 7

        C.    Defendants Have Kept Their Promise To The Court By Providing
Accessibility In The Form Of A Portable Ramp With Safety
Features ................................................................................................... 8

    III.    Plaintiff Has Not Satisfied His *Prima Facie* Burden To Show A Failure To
Reasonably Accommodate Under NYCHRL ......................................................... 9

CONCLUSION................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arista Records LLC v. Lime Grp. LLC*,
    No. 06-cv-5936, 2011 WL 1641978 (S.D.N.Y. Apr. 29, 2011) ................................7

*Borkowski v. Valley Cent. Sch. Dist*,
    63 F.3d 131 (2d Cir. 1995)........................................................................................6

*Brady v. Wal-Mart*,
    531 F.3d 127 (2d Cir. 2008)..................................................................................9, 10

*Brown v. Cnty. of Nassau*,
    736 F. Supp. 2d 602 (E.D.N.Y. 2010) .....................................................................10

*Celeste v. East Meadow Union Free Sch. Dist.*,
    373 F. App'x 85 (2d Cir. 2010) .................................................................................6

*Davis v. John S. Ciorwski Family Trust*,
    No. 11-cv-436, 2013 WL 1410007 (D.N.H. Apr. 8, 2013) .......................................4

*de la Rosa v. 597 Broadway Dev. Corp.*,
    No. 13-cv-7999, 2015 WL 7351540 (S.D.N.Y. Aug. 4, 2015), *report and
    recommendation adopted in part*, 2015 WL 7308661 (S.D.N.Y. Nov. 19,
    2015) .........................................................................................................................5

*In the Matter of Estrelle Stamm*,
    OATH Index No. 803/14, 2016 WL 1644879 (N.Y.C. Comm'n Hum. Rts.
    Apr. 20, 2016) ...........................................................................................................9

*Fox v. Morreale Hotels, LLC*,
    No. 10-cv-03135, 2011 WL 5439789 (D. Col. Nov. 9, 2011)....................................5

*Jacobson v. N.Y.C. Health & Hosp. Corp.*,
    22 N.Y.3d 824 (2014) ..........................................................................................9, 10

*Kreisler v. Humane Soc. of N.Y.*,
    No. 16-civ-8177, 2018 WL 4778914 (S.D.N.Y. Oct. 3, 2018)..............................4, 6

*Kreisler v. Second Avenue Diner Corp.*,
    No. 10-cv-7592, 2012 WL 3961304 (S.D.N.Y. Sept. 11, 2012), *aff'd*, 731 F.3d
    184 (2d Cir. 2013)................................................................................................2, 6

*Matter of Marine Holdings, LLC*,
    31 N.Y.3d 1045 (2018) ..............................................................................................9

*In re Matter of John Rose v. Co-op City of N.Y. d/b/a Riverbay Corp.*,
   No. 1831/10, 2010 WL 8625897 (N.Y.C. Comm'n Hum. Rts. Nov. 18, 2010),
   *aff'd sub nom.*, *Riverbay Corp v. N.Y.C. Comm'n on Human Rights*, No.
   260832/10, 2011 N.Y. Misc. LEXIS 7105 (Sup Ct. Bronx Cnty. Sept. 9, 2011) ....................9

*Nande v. JP Morgan Chase & Co.*,
   17 Misc.3d 1103(A), (Sup. Ct. N.Y. Cnty. 2007), *aff'd*, 57 A.D.3d 318 (1st
   Dep't 2008) .............................................................................................................9, 10

*Philips v. City of N.Y.*,
   66 A.D.3d 170 (1st Dep't 2009) ...................................................................................9

*Protective Specialty Ins. Co. v. Castle Title Ins. Agency, Inc.*,
   No. 17-cv-8965, 2020 WL 550700 (S.D.N.Y. Feb. 3, 2020) ...................................7

*Roberts v. Royal Atl. Corp*,
   542 F.3d 363 (2d. Cir. 2008) ............................................................... *passim*

*Rosa v. 600 Broadway Partners, LLC*,
   175 F. Supp. 3d 191 (S.D.N.Y. 2016) ........................................................................4

*Russell v. N.Y. Univ.*,
   No. 1:15-cv-2185, 2017 WL 3049534 (S.D.N.Y. July 17, 2017) ............................7

*Tatum v. Doctor's Associates, Inc.*,
   No. 14-2980, 2016 WL 852458 (E.D. La. Mar. 4, 2016) ....................................2, 6

**Statutes**

Title III of the Americans with Disabilities Act ................................................. *passim*

**Other Authorities**

28 C.F.R. § 36.402(a)(1) .................................................................................................2

28 C.F.R. § 36.402(b) .....................................................................................................3

Fed. R. Civ. P. 68 ...........................................................................................................8

L. Civ. R. 56.1 .................................................................................................................3

N.Y.C. Admin. Code § 8-107(15)(a) .............................................................................9

## PRELIMINARY STATEMENT

Based on the undisputed facts acknowledged in Plaintiff's Opposition, the Court should grant summary judgment and dismiss Plaintiff's claims for injunctive relief under federal, state, and city law.  There is no dispute that Defendants never altered the steps, made a structural modification to the Property, or addressed the stepped route into the Property generally.  While the ADA alterations standard only applies to the areas of the Property that were altered, Plaintiff has failed to identify any alteration that could have been performed differently to address the only issue in this case, as required to avoid summary judgment.

Plaintiff has also failed to demonstrate a genuine issue of fact under the admitted standard for Readily Achievable Barrier Removal.  The controlling authorities cited in the Opposition confirm that, to meet his *prima facie* burden, Plaintiff had to provide "some estimate of costs" to support his remediation proposals, and yet he has not.  Since Plaintiff has indisputably failed to provide any cost information to support his vague and convoluted proposals, most of which are introduced for the first time in the Opposition, he has failed to satisfy this burden.  Plaintiff effectively concedes all relevant facts concerning Defendants' lift proposal, and does not offer a contrary assessment of the statutory and regulatory factors to be considered by the Court.  The undisputed facts confirm that having to structurally reinforce a Class B commercial building, incurring hundreds of thousands of dollars in lost revenue, displacing the workforce of a small business, and incurring close to a quarter million dollars in construction costs is not "easily accomplishable and able to be carried out without much difficulty or expense," particularly where a portable ramp and associated accessibility measures are already being provided.

Finally, Plaintiff misconstrues his threshold burden to show a failure to reasonably accommodate under the NYCHRL.  He must present evidence that Defendants knew or should have known of his disability before the burden shifts to Defendants to prove undue hardship.

1

Plaintiff relies almost exclusively on cases where the covered entity knew of the plaintiff and his or her needs, obviating the need for formal notice.  Here, Plaintiff effectively concealed his disability and experience, and then ran to the courthouse to file a complaint that is similar to 16 others he has filed in this District.  Charging Defendants with failing to engage in an accommodations-related dialogue that Plaintiff bypassed is absurd.

## ARGUMENT

### I.     Plaintiff Has Not Satisfied His *Prima Facie* Burden Under the ADA Alterations Standard

#### A.     Plaintiff Has Not Identified Any Modification That Could Have Addressed The Entrance Route

Where a public accommodation alters a facility, only the "altered portions" must comply with ADA Standards "to the maximum extent feasible."  28 C.F.R. 36.402(a)(1).  *See Kreisler v. Second Avenue Diner Corp.*, No. 10-cv-7592, 2012 WL 3961304, at *10 (S.D.N.Y. Sept. 11, 2012) ("if a door handle is replaced, the new handle must be compliant, but the entire door need not be replaced"), *aff'd*, 731 F.3d 184 (2d Cir. 2013) (Plaintiff's Memorandum of Law dated March 12, 2020 ("Opp."), 15, 19); *Tatum v. Doctor's Associates, Inc.*, No. 14-2980, 2016 WL 852458, at *4-5 (E.D. La. Mar. 4, 2016) (Opp., 9) (where defendant converted two standard parking spaces to accessible spaces in a pre-ADA parking facility, only those spaces must comply).  In addition to identifying a purported alteration, Plaintiff has the *prima facie* burden under *Roberts* to show "some manner in which the alteration could be, or could have been, made 'readily accessible and usable by individuals with disabilities' . . ."  *Roberts v. Royal Atl. Corp*, 542 F.3d 363, 371-72 (2d. Cir. 2008) (Opp., 6, 7, 9, 10).

Here, there is no dispute that Hat Trick replaced certain interior elements, such as its sales and service counter and customer seating, but Plaintiff's expert confirmed that they are fully compliant.  (*See* Declaration of John W. Egan dated February 7, 2020 ("Egan Dec."), Ex. R,

Plaintiff's Expert Report.)  Hat Trick also made changes to the storefront, although cosmetic changes to the exterior glass and signage have no impact on the potential usability of the Property, as required for a covered alteration.  *See* 28 C.F.R. § 36.402(b) (an "alteration" is "a change to a place of public accommodation ... that affects or could affect the usability of the building or facility or any part thereof"); (Defendants' Statement of Undisputed Material Facts Under Local Civil Rule 56.1 dated February 7, 2020 ("Def. 56.1."), ¶¶ 46-48.)  Additionally, as described more fully below, despite the misleading arguments in his Opposition, Plaintiff admits that there was *never* an accessible route into the Property from the adjoining tenant lobby via a side door.  (Plaintiff's Response to Defendants' Local Rule 56.1 Statement of Undisputed Material Facts ("Pl. 56.1"), ¶ 31.)  The only remaining changes were Hat Trick's replacement of the front door with a door with one leaf instead of two, and installation of "diamond steel plate" to protect the tile flooring.  (Opp., 7.)  This minor work does not mandate compliance with accessible route standards "to the maximum extent feasible" as a matter of law.

> **1.     Hat Trick's Door Replacement And Diamond Plating Did Not Require Removal Of Entrance Steps Comprised Of Structural Concrete**

According to the Second Circuit in *Roberts*, the more a property is altered "*the easier and cheaper it becomes*, in both absolute and relative terms, to *integrate incidentally* features that facilitate ADA access."  542 F.3d at 369 (emphasis added).  Replacing a door and installing plating on tile flooring has nothing to do with the only issue in this case.  It is absurd to suggest that Defendants could have addressed the entrance steps as part of the prior scope of work; that remediation would have been an entirely different, far more involved endeavor.

None of the case law cited in the Opposition holds or even suggests otherwise.  In those cases, the defendants performed "a gut to [the] studs" but failed to replace those spaces with

compliant fixtures,[1] modernized an elevator but failed to bring it down to sidewalk level,[2] ignored an inaccessible entrance despite the "demolition of multiple floors, the construction of stairs, [and] the installation of an elevator,"[3] and otherwise made "major structural changes" to the facility.[4] The record is devoid of any evidence of structural changes to the Property by Defendants, or alterations that addressed the difference in elevation between the Property and the sidewalk.

### B.     There Is No Genuine Issue Over Whether Defendants Decreased The Accessibility Of The Property

Because Plaintiff cannot show that Defendants made covered alterations to the Property, he has raised the unsupported claim, ignored by his own expert, that Defendants could simply reestablish an old "second entrance" to the Property that was last used before 2002 when Hat Trick moved into the Property.  (Opp., 10.)  Plaintiff, who conducted virtually no discovery regarding this former door, now makes the former door the centerpiece of the Opposition.

The problem for Plaintiff is that this former door was never an accessible route, a fatal flaw that Plaintiff admits.  (Pl. 56.1, ¶¶ 29, 31 ("Admit that in 2002, there was a step between the public sidewalk and the adjacent Building lobby"), 32.)[5]  Plaintiff also does not dispute that the doors providing access to the office lobby from the sidewalk were locked after 5 p.m.  (Pl. 56.1, ¶ 31.) Since Domino's is open into the late evening hours, this undisputed fact also renders this former door an inaccessible route.  Another problem with this last-minute claim is that the lobby is a dedicated entrance for another Building tenant, the CUNY School of Journalism.  (Pl. 56.1, ¶¶ 34-

---

[1] *Roberts, supra,* 542 F.3d at 374.

[2] *Kreisler v. Humane Soc. of N.Y.,* No. 16-civ-8177, 2018 WL 4778914, at *1 (S.D.N.Y. Oct. 3, 2018) (Opp., 16).

[3] *Rosa v. 600 Broadway Partners, LLC*, 175 F. Supp. 3d 191, 207-08 (S.D.N.Y. 2016) (Opp., 9).

[4] *Davis v. John S. Ciorwski Family Trust,* No. 11-cv-436, 2013 WL 1410007, at *3 (D.N.H. Apr. 8, 2013) (Opp., 10).

[5] Plaintiff proceeds to deny, but not meaningfully dispute, that the step was "approximately 5 inches."  (Pl. 56.1, ¶ 31.)  However, Plaintiff does not claim that the step was higher or lower because he failed to explore this matter in discovery.

4

35.)  As admitted by Plaintiff, in 2006-08 the Journalism School renovated the lobby, mostly at their own cost, installing flooring, turnstiles and a new security desk, as well as removing the step. (Pl. 56.1, ¶¶ 32-35.)

In the Opposition, Plaintiff also argues that the former door was level with the lobby and a wheelchair user could travel through the lobby "to and from the public sidewalk next to Domino's without encountering any steps."  (Opp., 8.)  Again, this extremely misleading statement ignores the admitted fact that there was a step at the lobby entrance and thus it was never an accessible route.  (Pl. 56.1, ¶¶ 29-31.)  Significantly, the undisputed facts show that Defendants never decreased the wheelchair usability of Property, because it was never wheelchair accessible. Plaintiff relies solely on distinguishable cases where the defendant *removed* an existing accessible entrance, route, or space.[6]

## II.     Summary Judgment Is Warranted Under The Readily Achievable Standard

### A.     Plaintiff Has Not Elicited Any Cost Information For Any Of His Barrier Removal Proposals As Required To Satisfy His *Prima Facie* Burden

There is no dispute that the ADA defines Readily Achievable as "easily accomplishable and able to be carried out without much difficulty or expense," or that Plaintiff has the *prima facie* burden to suggest a plausible proposal, "the costs of which, facially, do not clearly exceed its benefits[,]" consistent with this definition.  (Opp., 12); *Roberts, supra*, 542 F.3d at 367, 370 (Opp. 17, 19).  While the Second Circuit does not require "precise cost estimates" from the plaintiff, the Court still requires *some evidence* of potential costs to undertake the threshold analysis required

---

[6] *See e.g. de la Rosa v. 597 Broadway Dev. Corp.*, No. 13-cv-7999, 2015 WL 7351540, at \*10 (S.D.N.Y. Aug. 4, 2015), *report and recommendation adopted in part*, 2015 WL 7308661 (S.D.N.Y. Nov. 19, 2015) (Opp., 8-9) (modification "*directly affected access* to defendant's space by eliminating it for all wheelchair-bound persons") (emphasis added); *Fox v. Morreale Hotels, LLC*, No. 10-cv-03135, 2011 WL 5439789, at \*1 (D. Col. Nov. 9, 2011) (Opp., 8.) ("Defendants made a flat, accessible space into a space with inaccessible areas").

by *Roberts*.  The Second Circuit, for example, affirmed the trial court decision in *Second Avenue Diner*, where the court unambiguously held that "*even the minimal burden of Roberts requires some estimate of costs*."[7]  *Second Ave. Diner Corp.*, 2012 WL 3961304, at *7, *aff'd* 731 F.3d 184 (2d Cir. 2013) (emphasis added).  Moreover, in *Borkowski v. Valley Cent. Sch. Dist*, the Second Circuit described a plaintiff's *prima face* case to include a "rough proportionality" between costs and benefits.  63 F.3d 131, 139 (2d Cir. 1995) (Opp., 11-14.).  While the *Borkowski* court opined that "outlandishly costly" proposals would be dismissed on summary judgment, the court never suggested that a plaintiff could sidestep his threshold burden on summary judgment by not introducing any evidence of costs, as Plaintiff seeks to do here.  *Id*. at 139-40.

Ultimately, Plaintiff's argument is one of convenience, since he failed to investigate the structural implications of his expert's proposal as required to assess its potential cost.  In attempting to salvage his Readily Achievable claim, Plaintiff now proffers a hodgepodge of proposals, most of which are introduced for the first time in the Opposition.  (Plaintiff's Declaration dated March 9, 2020 ("Pl. Dec."), ¶ 7.)  The plausibility and cost of these proposals are not self-evident.  For example, ramping a vaulted sidewalk along West 40th Street, breaching the wall of an adjoining tenant lobby to create an entrance route through an office building with security turnstiles, and installing a platform lift on a busy public sidewalk a few blocks from Times Square are not, on their face, "plausible, simple remedies."  *See Celeste v. East Meadow Union Free Sch. Dist.*, 373 F. App'x 85 (2d Cir. 2010) (Opp., 13) (proposed remedies consisted of relocating cleat cleaners, installing curb cuts, and fixing pavement along plaintiff's route to athletic fields from his school).

---

[7] Plaintiff also relies on inapposite cases that are notable because, unlike here, *his own expert (and law firm)* introduced architectural designs for barrier removal that were supported with cost estimates.  *Tatum, supra*, 2016 WL 852458, at *7; *Humane Soc. of N.Y.*, *supra*, 2018 WL 4778914, at *2.

**B.      Plaintiff Cannot Create A Genuine Issue Of Material Fact Through Invalid Denials And Mischaracterizations Of The Record**

In their moving papers, Defendants assess the various statutory and regulatory factors for whether their lift proposal qualifies as Readily Achievable Barrier Removal.[8]  (Def. Mem., 14-17.) Plaintiff has not offered a contrary balancing of these factors in the Opposition, instead challenging the facts as "disputed" based on legally invalid denials, mischaracterized testimony, and other distortions of the record.

Plaintiff's invalid 56.1 responses include those made on the basis of denying information and belief,[9] vagueness,[10] and lacking personal knowledge.[11]  *See Russell v. N.Y. Univ.*, No. 1:15-cv-2185, 2017 WL 3049534 at \*10 n.5 (S.D.N.Y. July 17, 2017) (cannot deny "knowledge and information" in 56.1 response because non-movant had opportunity to take discovery); *Protective Specialty Ins. Co. v. Castle Title Ins. Agency, Inc.*, No. 17-cv-8965, 2020 WL 550700, at \*1 n.2 (S.D.N.Y. Feb. 3, 2020) (vagueness objection does not raise genuine dispute of fact); *Arista Records LLC v. Lime Grp. LLC,* No. 06-cv-5936, 2011 WL 1641978, at \*4 (S.D.N.Y. Apr. 29, 2011) (remedy for declaration testimony not based on personal knowledge is a motion to strike and failure to do so operates as a waiver).  In addition, Plaintiff interposes denials that are inconsistent with the record, specifically by denying statements as not accurate when they are in fact squarely supported, [12] and blatantly misconstruing and distorting the referenced record evidence.[13]  These diversionary tactics do not create a genuine issue of material fact where none

[8] The Opposition provides no case, statutory, or regulatory support for Plaintiff's contention that Defendant must satisfy its burden of persuasion by having *individual witnesses* perform a cost/benefit analysis, rather than by way of assessing the undisputed facts in the record through briefing.  (*Compare* Opp., 17-18, *with* Def. Mem., 11-17.)

[9] (Pl. 56.1, ¶¶ 16, 24, 52, 166, 168-70, 177-79.)

[10] (Pl. 56.1, ¶¶ 48, 50, 130, 139.)

[11] (Pl. 56.1, ¶¶ 19-20, 31, 49.)

[12] (Pl. 56.1, ¶¶ 43, 86, 88, 96, 109, 119, 132, 136, 138, 141, 143, 148, 154-55, 157-59, 161, 181.)

[13] (Pl. 56.1, ¶¶ 59, 70, 71, 102-03, 110, 126, 129, 138.)

actually exists.  When taken together with the 113 paragraphs in the 56.1 Statement that are purely uncontested (i.e., 60 percent), it is apparent that Plaintiff's passing interests as a serial litigant are substantially outweighed by the costs, workforce impact, and lost revenue required to install a lift at this pizza store.  (Def. Mem., 11-17.)

### C.   Defendants Have Kept Their Promise To The Court By Providing Accessibility In The Form Of A Portable Ramp With Safety Features

Plaintiff dismisses Defendants' efforts to accommodate wheelchair users by providing a portable ramp at the Property equipped with safety features that include edge protection, a non-slip surface, and a transition plate.  (Def. 56.1, ¶ 71.)  In the Opposition, Plaintiff asserts that Defendants' use of a portable ramp does not satisfy their obligations under the Readily Achievable standard.  (Opp., 19.)  As discussed above, Defendants submit that the construction of a permanent ramp or lift is clearly not Readily Achievable.  After this became obvious, Defendants took care to provide a portable ramp equipped with safety features and curbside service.  Yet, Plaintiff did not even bother to test these measures.  Instead, he makes conclusory and unfounded criticisms of a portable ramp that he has never seen.  In fact, Plaintiff did not even know that Defendants had offered to provide a portable ramp along with a monetary settlement in their Rule 68 Offer of Judgment.[14]

Defendants' portable ramp and accompanying safety precautions obviate the need for injunctive relief at the Property and demonstrate Defendants' good faith efforts to resolve this dispute in the most practical way possible.

---

[14] In Plaintiff's declaration, he tries to explain that he knew about the Offer of Judgment but did not understand the question posed at his deposition.  (Pl. Dec., ¶ 13.)  The problem with this claim of ignorance is that Plaintiff testified at the deposition that he was not aware of being offered a certain amount of money by Defendants.  (Egan Dec., Ex. "B," 154:11-155:3.)

### III.    Plaintiff Has Not Satisfied His *Prima Facie* Burden To Show A Failure To Reasonably Accommodate Under NYCHRL

Plaintiff has the *prima facie* burden to demonstrate that Defendants knew or should have known of his disability to establish a failure to accommodate claim under the NYCHRL.  (Opp., 5); *In the Matter of Estrelle Stamm*, OATH Index No. 803/14, 2016 WL 1644879, *6 (N.Y.C. Comm'n Hum. Rts. Apr. 20, 2016); *see also* N.Y.C. Admin. Code 8-107(15)(a) (unlawful to deny reasonable accommodation "*provided* that the disability is known or should have been known by the covered entity.") (emphasis added).  Plaintiff has failed to carry this burden.

There is no dispute that Plaintiff first identified himself to Defendants by commencing this lawsuit, and this is the first accessibility complaint directed at the Property.  (Pl. 56.1, ¶¶ 24, 61-63.)  In contrast, in nearly all of the decisional authorities on which Plaintiff relies in the Opposition, a disabled resident or employee was well-known to the covered entity.[15]  In such instances, a specific accommodation request is not necessarily required.  Plaintiff, however, misapprehends the law by suggesting that a plaintiff who is *unknown* to a public accommodation does not have to make an accommodation request to give rise to a claim.  His own authorities squarely hold otherwise.

In *Brady v. Wal-Mart*, for example, the Second Circuit held that a business that "acts or fails to act without knowledge of a disability cannot be said to have discriminated based on that disability."  531 F.3d 127, 135 (2d Cir. 2008) (Opp., 5.)  Similarly, the court in *Nande v. JP Morgan Chase & Co.* held that "even absent a request . . ., a duty [to accommodate] cannot arise if the

---

[15] *See e.g. Matter of Marine Holdings, LLC*, 31 N.Y.3d 1045, 1047 (2018) (Opp., 4-5); *Jacobson v. N.Y.C. Health & Hosp. Corp.*, 22 N.Y.3d 824, 828-30 (2014) (Opp., 4); *Philips v. City of N.Y.*, 66 A.D.3d 170, 172-73 (1st Dep't 2009) (Opp., 3); *In re Matter of John Rose v. Co-op City of N.Y. d/b/a Riverbay Corp.*, No. 1831/10, 2010 WL 8625897, at *1-2 (N.Y.C. Comm'n Hum. Rts. Nov. 18, 2010), *aff'd sub nom.*, *Riverbay Corp v. N.Y.C. Comm'n on Human Rights*, No. 260832/10, 2011 N.Y. Misc. LEXIS 7105 (Sup Ct. Bronx Cnty. Sept. 9, 2011) (Opp., 4).

employer is unaware of the disability."  17 Misc.3d 1103(A), at *4 (Sup. Ct. N.Y. Cnty. 2007), *aff'd*, 57 A.D.3d 318 (1st Dep't 2008) (Opp., 5).  The Second Circuit has observed that the notice requirement is "rooted in commons sense" in order to "prevent[] an employee from keeping her disability a secret and suing later for failure to accommodate."  *Brady*, 531 F.3d at 135.  More fundamentally, the law requires a dialogue between the covered entity and the individual with the disability to, according to the New York Court of Appeals, "come to a mutually beneficial arrangement" that "*forestalls needless litigation.*"[16]  *Jacobson v. N.Y.C. Health & Hosp. Corp.*, 22 N.Y.3d 824, 836-37 (2014) (emphasis added) (Opp., 4.)

Plaintiff is a frequent filer of these cases who has routinely taken them through discovery.[17] Under Plaintiff's proposed rule, every small business in the City with a pre-ADA, stepped entrance presumptively "should have known" that he has a disability requiring an accommodation, effectively precluding summary judgment by requiring that a defendant show undue burden for any proposal he suggests, even those made years after he filed the lawsuit and in the midst of summary judgment briefing.  There is no support in the case law for such a rule, and the Court should accordingly dismiss Plaintiff's claim for injunctive relief under the NYCHRL.

## CONCLUSION

For the foregoing reasons and those contained in Defendants' motion papers, Defendants respectfully request that the Court grant their motion for summary judgment.

---

[16] *But cf. Brown v. Cnty. of Nassau*, 736 F. Supp. 2d 602 (E.D.N.Y. 2010) (Opp., 5) (ADA Title II program accessibility and Rehabilitation Act claims where defendant was on notice based on report reciting litany of accessibility violations at its property).

[17] There is no dispute that Plaintiff and his law firm together have commenced 17 ADA Title III actions in this jurisdiction since February 26, 2014.  (Pl. 56.1, ¶ 69.)

Dated: New York, New York
April 16, 2020

SEYFARTH SHAW LLP


By:  */s/ John W. Egan*
John W. Egan
Paul H. Galligan
Samuel Sverdlov
jegan@seyfarth.com
pgalligan@seyfarth.com
ssverdlov@seyfarth.com
620 Eighth Avenue, 32nd Floor
New York, New York  10018
(212) 218-5500

*Attorneys for Defendant*
*230 West 41st Street LLC*

LITCHFIELD CAVO LLP


By:  */s/ Angela M. Objay-Stenroos*
Angela M. Objay-Stenroos
stenroos@litchfieldcavo.com
420 Lexington Avenue, Suite 2014
New York, New York  10170
(212) 434-0105

*Attorneys for Defendant*
*Hat Trick Pizza, Inc.*

11