UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
KING RANGE, JR.,

        Plaintiff,

   -against-                                                                          Case No.: 1:17-cv-00149-LAP

230 WEST 41ST STREET LLC, HAT TRICK
PIZZA, INC., DOMINO'S PIZZA LLC AND
DOMINO'S PIZZA FRANCHISING LLC,

        Defendants.

-------------------------------------------------------- X

## MEMORANDUM OF LAW ON BEHALF OF DEFENDANTS
## DOMINO'S PIZZA LLC AND DOMINO'S PIZZA FRANCHISING LLC

Dated: Garden City, New York
      February 7, 2020

                                       KENDRIC LAW GROUP P.C.
                                       *Attorneys for Defendants*
                                       *Domino's Pizza LLC and*
                                       *Domino's Pizza Franchising LLC*
                                       1225 Franklin Avenue, Suite 450
                                       Garden City, New York 11530
                                       (516) 732-4774

## PRELIMINARY STATEMENT

In this action, Plaintiff asserts claims for relief against Defendants Domino's Pizza LLC and Domino's Pizza Franchising LLC (collectively, "Domino's") under Title III of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), New York State Civil Rights Law ("NYSCRL"), New York City Human Rights Law ("NYCHRL"), and for common law negligence. Domino's did not discriminate against Plaintiff on the basis of disability. Domino's did not deny him access to a place of public accommodation. Domino's did not own, lease, operate, maintain, manage, occupy or control the pizza store or the premises at 227 West 40th Street in Manhattan in any sense. This is a store location independently owned and operated by franchisee Hat Trick Pizza, Inc. ("Hat Trick"). None of this is in dispute. Domino's did not have any of the documents Plaintiffs requested in discovery. Plaintiff did not ask Domino's to produce a deposition witness. Plaintiff has agreed to dismiss his ADA claims against Domino's with prejudice, but will not dismiss his remaining NYSHRL, NYSCRL and NYCHRL claims against Domino's unless done "without prejudice".

## LEGAL ARGUMENT

### Point 1. Domino's has no nexus with the subject premises.

Under Title III of the ADA, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the ... facilities ... or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. §12182(a). "To state a claim under Title III, [Plaintiff] must allege (1) that [h]e is disabled within the meaning of the ADA; (2) that defendants own, lease or operate a place of public accommodation; and (3) that defendants discriminated against [him] by denying [him] a full and equal opportunity to enjoy the services defendants provide. *Camarillo v.*

*Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). Domino's does not own, occupy or operate the subject premises. This is an independently owned and operated franchise location. (Cookston Dec., ¶¶ 22, 25, 27) Domino's is not a proper ADA defendant and these claims should be dismissed with prejudice.

For the same reason, Plaintiff's NYSHRL claims fail. New York State Executive Law §296(2)(a) provides in relevant part, "It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation ... [because of disability] ... directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof." Domino's has none of these relationships with the subject premises. Domino's is not within the class of actors potentially liable for alleged violations of the NYSHRL.

**Point 2. Plaintiff's NYCHRL claims should be dismissed.**

Domino's joins in and adopts each of the points and authorities set forth by co-defendants 230 West 41st Street LLC and Hat Trick in support of their Motion for Summary Judgment, filed herewith. While the NYCHRL provides "somewhat broader rights" than federal law that require an "independent liberal construction," *Krist v. Kolombos Rest., Inc.*, 688 F.3d 89, 97 (2d Cir. 2012), "claims for disability discrimination arising under NYCHRL are governed by the same legal standards as federal ADA claims." *Roberman v. Alamo Drafthouse Cinemas Holdings, LLC*, 2020 WL 253372, at *2 (Sup. Ct. Jan. 13, 2020). Plaintiff's claims based on disparate impact, and liability for "aiding and abetting" disability discrimination under the NYCHRL should be dismissed because there are no relevant distinctions with the ADA. (Compl., ¶ 68-71, 74) *See also Stephens v. Shuttle Assoc., L.L.C.*, 547 F. Supp. 2d 269, 278-79 (S.D.N.Y. 2008) (dismissing claim for discriminatory treatment based on disability under the NYCHRL, including for "aiding and

abetting" discrimination, under the because it was "similar to those of the ADA ..."). To the extent Plaintiff is claiming Defendants failed to provide him a reasonable accommodation based on his disability, his city law claim should be also be dismissed in its entirety. (*See* Compl., ¶ 68). It is undisputed that Plaintiff never requested an accommodation before filing this lawsuit. *See Roberman*, 2020 WL 253372, *3 (dismissing disability access claim under the NYCHRL where plaintiff never requested defendant to provide accommodation), *citing Pimentel v. Citibank, N.A.*, 29 A.D.3d 141, 148, 811 N.Y.S.2d 381 (1st Dep't 2006)).

In addition, a franchisor such as Domino's Pizza Franchising LLC may not be held liable under the NYCHRL or NYSHRL where it lacks day-to-day control over the instrumentality that gives rise to plaintiff's claim. *Cha v. Hooters of Am., LLC*, 2013 U.S. Dist. LEXIS 144750, at *6 (E.D.N.Y. Sept. 30, 2013) ("Under New York law, '[i]n deciding whether a franchisor may be held vicariously liable for acts of its franchisees, courts determine whether the franchisor controls the day-to-day operations of the franchisee, and, more specifically, whether the franchisor exercises a considerable degree of control over the instrumentality at issue in a given case.'") (*citing Wu v. Dunkin' Donuts, Inc.*, 105 F. Supp. 2d 83, 87 (E.D.N.Y. 2000)). Direct liability cases also "look to the franchisor's actual control or retained right of control" over the franchisee's premises to determine the presence of a duty for purposes of evaluating whether the franchisor was itself negligent. *Cha,* at *11, *citing Allen v. Choice Hotels Int'l.*, 276 F. App'x, 339, 342 n. 4 (4th Cir. 2008).

Here, Hat Trick's owner Robert Cookston unequivocally confirms that Domino's owns <u>no</u> interest in Hat Trick and has played <u>no</u> role in its day-to-day operations. And, Cookston attests, Domino's did not own, lease, operate, maintain, manage, occupy or control the pizza store or the subject premises in any sense. Hat Trick's contractual obligation to Domino's Pizza Franchising

LLC was to "operate the Store in full compliance with all applicable laws, regulations and ordinances." (Cookston Dec., ¶¶ 22-27)

### Point 3. Plaintiff's NYSCRL and negligence claims should be dismissed.

Again, Domino's joins in and adopts each of the points and authorities set forth by 230 West 41st Street LLC and Hat Trick in support of their Motion for Summary Judgment. Plaintiff cannot premise a claim of common law negligence on a disability access violation as a matter of law. *See Francis v. Lo-Do Corp.*, No. 14-cv-5422, 2014 WL 7180091, at *1 (S.D.N.Y. Dec. 5, 2014) (rejecting negligence claim based upon the same facts and allegations as statutory ADA claim and with no facts elicited to establish separate common law duty); *see also Thomas v. Ariel West*, 242 F. Supp. 3d 293, 305 (S.D.N.Y. 2017) (finding that the plaintiff may not establish a common-law negligence claim based purely on an alleged noncompliance with federal and New York state disability access statutory requirements); *Lugo v. St. Nicholas Assoc.*, 2 Misc.3d 212, 218 (N.Y. Sup. Ct. N.Y. Cnty. 2003) ("if mere proof of a violation of the ADA were to establish negligence per se, [then plaintiffs] would effectively be afforded a private right of action that the ADA did not recognize."). This claim is frivolous and should be dismissed with prejudice.

In addition, Plaintiff cannot file a claim under the NYSCRL without first providing notice to the Attorney General. N.Y. Civ. Rights Law § 40–d. Plaintiff has not produced *any* documents in discovery, including proof of this notice. Accordingly, this claim should be dismissed as well and with prejudice. *Sundaram v. Brookhaven Nat. Labs.*, 424 F. Supp. 2d 545, 571 (E.D.N.Y. 2006) (granting summary judgment where plaintiff failed to produce required notice for NYSCRL claim), *citing Silver v. Equitable Life Assur. Soc. of U.S.*, 168 A.D.2d 367, 368, 563 N.Y.S.2d 78, 80 (1st Dep't 1990).

## CONCLUSION

Based upon the foregoing, it is respectfully requested that the within Motion for Summary Judgment on behalf of Defendants, Domino's Pizza LLC and Domino's Pizza Franchising LLC, be granted in its entirety and that Plaintiff's Complaint be dismissed with prejudice as against these defendants.

Dated: Garden City, New York
       February 7, 2020

KENDRIC LAW GROUP P.C.

Christopher Kendric
*Attorneys for Defendants*
*Domino's Pizza LLC and*
*Domino's Pizza Franchising LLC*
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 732-4774