UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

KING RANGE, JR.,

                    Plaintiff,

-against-

230 WEST 41ST STREET LLC; HAT
TRICK PIZZA, INC.; DOMINO'S
PIZZA LLC; DOMINO'S PIZZA
FRANCHISING LLC,

                    Defendants.

No. 17-CV-149 (LAP)

MEMORANDUM & ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

     Before the Court is the motion for attorney's fees and litigation costs filed by Domino's Pizza LLC and Domino's Pizza Franchising LLC (collectively, "Domino's").[1]  Plaintiff and his counsel, Parker Hanski LLC, oppose that motion.[2]  To the extent and for the reasons described below, the motion is GRANTED.

---

     [1] (See Notice of Motion for Attorney's Fees and Costs ("Fee Motion"), dated June 25, 2020 [dkt. no. 110]; see also Declaration of Christopher Kendric in Support of Fee Application ("Kendric Decl."), dated June 25, 2020 [dkt. no. 111]; Memorandum of Law in Support of Fee Application ("Domino's Fee Br."), dated June 25, 2020 [dkt. no. 112]; Letter of Christopher Kendric in Lieu of Formal Reply ("Domino's Fee Reply"), dated July 16, 2020 [dkt. no. 116].)

     [2] (See Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Attorney's Fees ("Pl. Fee Br."), dated July 9, 2020 [dkt. no. 115]; see also Declaration of Glen H. Parker in Opposition to Defendants' Motion for Attorney's Fees ("Parker Decl."), dated July 9, 2020 [dkt. no. 114].)

I.   **Background**

Because the Court has already detailed the facts underlying this action, (see Summary Judgment Order ("SJ Order"), dated June 5, 2020 [dkt. no. 109], at 2-6), only the facts relevant to the instant motion will be summarized here.

Plaintiff, who is confined to a wheelchair, sued Domino's, 230 West 41st Street LLC ("230 West"), and Hat Trick Pizza, Inc. ("Hat Trick"), challenging the adequacy of access measures to a Domino's Pizza restaurant in Midtown Manhattan ("the Store"). (See Complaint, dated Jan. 9, 2017 [dkt. no. 1].)  Domino's answered and maintained that it did not own, lease, operate, maintain, manage, occupy, or otherwise control the Store.  (See Domino's Answer, dated Mar. 2, 2017 [dkt. no. 23], ¶¶ 9, 99-102.)  Hat Trick and 230 West also answered and admitted to leasing and owning the premises, respectively.[3]

Shortly thereafter, Domino's--through its counsel, Mr. Christopher Kendric--advised Plaintiff that the Store was independently owned and operated and requested that the claims against Domino's be dismissed without prejudice.  (See Exhibit A to Kendric Decl., dated Mar. 23, 2017 [dkt. no. 111-1].)  Domino's followed up on that request for dismissal periodically over the next two years.  (See Exhibits B-D to Kendric Decl.,

---

[3] (See Hat Trick Answer, dated Mar. 3, 2017 [dkt. no. 28], ¶ 9; 230 West Answer, dated Mar. 3, 2017 [dkt. no. 29], ¶ 7.)

dated June 25, 2020 [dkt. nos. 111-2-111-4].)  During that time,
Plaintiff did not seek to depose a Domino's witness, and
Domino's informed Plaintiff that it had no relevant discovery.
(See Kendric Decl. ¶¶ 12-13).

On December 6, 2019, Domino's participated in the
deposition of Robert Cookston, Hat Trick's owner.  (See Domino's
Fee Reply at 1-2; Exhibit 1 to Parker Decl. ("Parker Decl. Ex.
1"), dated Dec. 6, 2019 [dkt. no. 114-1].)  Cookston testified
that Domino's provided some instructions regarding the
aesthetics of the Store's remodel[4] but Hat Trick otherwise was
responsible for operating "the Store in full compliance with all
applicable laws, regulations and ordinances."[5]  A few days later,
following a teleconference with the Court, Domino's again sought
from Plaintiff voluntary dismissal of the claims against
Domino's.  (See Exhibit E to Kendric Decl., dated Dec. 10, 2019
[dkt. no. 111-5].)  Ultimately, discussions regarding dismissal
proved unfruitful because Plaintiff insisted that his state-and-
local claims should be dismissed without prejudice.[6]

---

[4] (See Parker Decl. Ex. 1. at 68:20-22 (indicating that
Domino's provided "requirements for, for finishes, and paint
colors, and floor choices, and counters").)

[5] (Declaration of Robert Lloyd Cookston ("Cookston Decl."),
dated Feb. 4, 2020, [dkt no. 106], ¶ 23.)

[6] (See Exhibits F-I to Kendric Decl., dated, June 25, 2020
(dkt. nos. 111-6-111-9] (requesting several responses to

(continued on following page)

At that impasse, Domino's moved for summary judgment on all Plaintiff's claims.  (See Notice of Motion for Summary Judgment, dated Feb. 7, 2020 [dkt. no. 103].)  Plaintiff did not oppose that motion, instead suggesting that counsel was "in the process of preparing a stipulation of dismissal for [Domino's]." (Exhibit J to Kendric Decl., dated March 12, 2020 [dkt no. 111-10].)  Those efforts to agree on a stipulation were similarly unsuccessful because Plaintiff continued to insist on without-prejudice dismissal of his non-federal claims.[7]

Consequently, Domino's requested that the Court decide its motion for summary judgment alongside the non-Domino's defendants' motion.  (See Kendric Letter at 1.)  The Court granted summary judgment to Domino's, observing that (1) Plaintiff "ha[d] proffered no evidence from which reasonable jurors could find Domino's liable on any cause of action" and (2) "Domino's submissions ma[de] clear that it had no role in operating the restaurant at issue here and that it d[id] not own, lease, or manage the Store in any way."  (SJ Order at 9.)

---

(continued from previous page)
proposed stipulation of voluntary dismissal); Exhibit 2 to Parker Decl. ("Parker Decl. Ex. 2"), dated July 9, 2020 [dkt. no. 114-2], at 4-9 (detailing disagreement over stipulation).)

[7] (See Kendric Decl. ¶¶ 20-24; Letter of Christopher Kendric ("Kendric Letter"), dated Apr. 30, 2020 [dkt. no. 108] at 1; Parker Decl. Ex. 2 at 9-13.)

Domino's now seeks $16,330.00 in attorney's fees and $1,001.36 of litigation costs.[8]  Domino's asserts that Plaintiff is "a Title III 'tester' who has filed seventeen (17) access cases in this District, each time represented by the Parker Hanski firm." (Domino's Fee Br. at 2.)  In Domino's view, Plaintiff's filing those lawsuits is "a business venture" for which "there should be a cost associated with doing business arrogantly." (Id.)  Domino's invokes only 28 U.S.C. § 1927 to support its fee application.[9]  Plaintiff opposes the motion, averring that no evidentiary basis exists to support a § 1927 sanction of attorney's fees or costs.  (See Pl. Fee Br. at 5-9.)

## II.  **Legal Standard**

Under the "American Rule," "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." Peter v. Nantkwest, Inc., 140 S. Ct. 365,

---

[8] (See Domino's Fee Reply at 2.)  Domino's initially requested $35,693.00 in attorney's fees and $6,039.72 of costs, (Fee Motion at 1), but reduced its ask following Plaintiff's opposition.

[9] In its initial application, Domino's sought attorney's fees and costs under the fee-shifting provisions of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12205, and the New York City Human Rights Law, N.Y.C. ADMIN. CODE § 8-502(g). (See Domino's Fee Br. at 2-3.)  Domino's has since withdrawn that portion of its motion. (See Domino's Fee Reply at 1.) Accordingly, the Court will address only § 1927 when considering whether Domino's is entitled to attorney's fees and costs.

370 (2019).  Domino's relies on § 1927 to overcome that baseline
presumption:

> Any attorney . . . who so multiplies the proceedings
> in any case unreasonably and vexatiously may be
> required by the court to satisfy personally the excess
> costs, expenses, and attorneys' fees reasonably
> incurred because of such conduct.

28 U.S.C. § 1927.  That statute "does not distinguish between
winners and losers, or between plaintiffs and defendants."
Roadway Exp., Inc. v. Piper, 447 U.S. 752, 762 (1980).  Rather,
"[i]t is concerned only with limiting the abuse of court
processes" and "[d]ilatory practices of civil rights
plaintiffs are as objectionable as those of defendants."  Id.

Section 1927 sanctions are, understandably, not to "be
imposed lightly."  McCulloch v. Town of Milan, No. 07 Civ. 9780
(LAP), 2013 WL 4830934, at *2 (S.D.N.Y. Sept. 10, 2013) (Preska,
J.).  But "[a]n award under § 1927 is proper when the attorney's
actions are so completely without merit as to require the
conclusion that they must have been undertaken for some improper
purpose."  16 Casa Duse, LLC v. Merkin, 791 F.3d 247, 264 (2d
Cir. 2015).  To that end, the Court "must find clear evidence
that (1) the offending party's claims were entirely meritless
and (2) the party acted for improper purposes."  Revson v.
Cinque & Cinque, P.C., 221 F.3d 71, 79 (2d Cir. 2000).

Moreover, "to impose sanctions under § 1927, the court must
make a finding of conduct constituting or akin to bad faith."

<u>Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory,
Ltd.</u>, 682 F.3d 170, 178 (2d Cir. 2012) (per curiam) (quotation
marks omitted).  "In considering whether there has been bad
faith, the court may consider the manner in which the action was
brought and the manner in which i[t] was litigated.  Bad faith
may be inferred when an attorney engages in conduct that is so
objectively unreasonable that he necessarily must have been
acting in bad faith."  <u>Baker v. Urban Outfitters, Inc.</u>, 431 F.
Supp. 2d 351, 362 (S.D.N.Y. 2006) (Preska, J.) (citation and
quotation marks omitted).

## III. **Discussion**

Plaintiff avers that, "[f]rom the very beginning, Domino's
made self-serving claims of no involvement with the premises,"
which Plaintiff was not required to accept at face value.  (Pl.
Fee Br. at 6.)  In Plaintiff's view, Domino's never supported
those claims with any concrete proof, and Cookston's deposition
testimony actually evinces Domino's involvement in operating the
Store.  (<u>Id.</u> at 6-7.)  Nevertheless, Plaintiff contends that he
"made herculean efforts to negotiate a stipulation of dismissal
for Domino's," all of which were frustrated by Domino's "absurd
and unusual demand[s]."  (<u>Id.</u> at 7.)

The Court disagrees.  Although Domino's concedes that it
was not "frivolous for Plaintiff or his attorneys to have
commenced this action," (Domino's Fee Br. at 3), Plaintiff's

counsel vexatiously multiplied and extended the proceedings
after Cookston was deposed.  Plaintiff's reliance on an out-of-
context snippet of Cookston's testimony is entirely unavailing--
Plaintiff identifies nothing that suggests that Domino's was
involved, in any way, with the Store's day-to-day operations.
(See Parker Decl. Ex. 1, at 68:3-22, 69:9-23.)  To the contrary,
all the summary judgment evidence--submitted by both Domino's
and Cookston, and unopposed by Plaintiff--shows that Domino's
did not manage or operate the Store in any sense.[10]

After Cookston's deposition, and despite knowing it had no
viable theory of liability against Domino's, Plaintiff continued
to proceed against Domino's by insisting on a without-prejudice
dismissal of its non-federal claims.  Plaintiff's counsel is
intimately familiar with the law in this area,[11] and this was not
the first time they have used such a tactic.[12]  After Plaintiff's

---

[10] (See SJ Order at 9; see also Cookston Decl. ¶¶ 26-27
("Domino's owns no interest in Hat Trick and plays no role in
its day-to-day operations. . . . Domino's did not own, lease,
operate, maintain, manage, occupy or control the Store or the
subject premises in any sense.").)

[11] Parker Hanski has filed numerous cases in this district--
including more than a dozen on behalf of this plaintiff--
alleging various violations of the exact statutes at issue in
this case.  (See Declaration of Susan M. Ryan, dated Feb. 7,
2020 [dkt. no. 82], ¶¶ 2-5 (detailing results of PACER search).)

[12] Just last year, in a separate case with Mr. Range as
plaintiff, Parker Hanski attempted to "drop the ADA claim and
dismiss the state and local law claims without prejudice."
(continued on following page)

counsel was unable to secure a without-prejudice dismissal through cooperation (or lack thereof), they declined to even oppose Domino's motion for summary judgment, which resulted in the very with-prejudice dismissal that Plaintiff had so vehemently opposed.  That abuse of court process is even more severe because Plaintiff's counsel repeatedly rebuffed Domino's numerous offerings to achieve that very result.

In sum, Plaintiff's counsel's objectively unreasonable conduct following Cookston's deposition leads the Court to conclude that Plaintiff's counsel acted in bad faith.  See Baker, 431 F. Supp. 2d at 362.  Accordingly, the Court finds that § 1927 sanctions are appropriate for Domino's attorney's fees and costs incurred after December 6, 2019.

The Court enjoys "wide discretion" to determine fees under § 1927, although it is "sensitive to the impact of sanctions on attorneys."  Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir.

---

(continued from previous page)
Range v. 535 Broadway Grp. LLC, No. 17-CV-0423, 2019 WL 4182966, at *2 (S.D.N.Y. Sept. 3, 2019).  Judge Pauley "rejected that maneuver as a thinly veiled attempt by Parker Hanski to forum shop and seek a do-over in state court."  Id.  In doing so, Judge Pauley observed that particular attempt was not "the first time Parker Hanski--or this Plaintiff--ha[d] attempted to avoid a federal adjudication by withdrawing ADA claims while explicitly preserving the non-federal claims for state court." Id. (citing Range v. 480-486 Broadway LLC, No. 14-cv-2447-LAK, ECF No. 53 (S.D.N.Y. Nov. 1, 2016)).  The Court observes that Parker Hanski has employed similar tactics in other cases.  See, e.g., Jones v. McDonald's Corp., No. 16-CV-7537-JPO, ECF No. 123 (S.D.N.Y. Jan. 1, 2019).

1986).  "[T]he lodestar--the product of a reasonable hourly rate and the reasonable number of hours required by the case--creates a presumptively reasonable fee."[13]  "[A] reasonable hourly rate is . . . the rate prevailing in the relevant community"--*i.e.*, "the district in which the court sits"--"for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Farbotko v. Clinton Cty., 433 F.3d 204, 208 (2d Cir. 2005) (cleaned up).

Domino's requests $16,330.00 in attorney's fees.  (Domino's Fee Reply at 2.)  Plaintiff objects only to having to pay fees at all--he does not object to the hours expended or the rates charged.  Mr. Kendric, on the other hand, submits detailed timesheets breaking down his time by individual task.[14] Moreover, Mr. Kendric, a principal at his law firm, billed his time at $230 per hour, which is well within the range of fees recognized as reasonable for similar services in the Southern

---

[13] Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quotation marks omitted); see also Craig v. UMG Recordings, Inc., No. 16-CV-5439 (JPO), 2019 WL 2992043, at *4 (S.D.N.Y. July 9, 2019) (using lodestar approach to determine reasonable attorney's fees as a § 1927 sanction).

[14] (See generally Exhibit 12 to Kendric. Decl. ("Kendric Decl. Ex. 12"), dated June 25, 2020, [dkt. no. 111-12] (invoices for attorney time); Exhibit 13 to Kendric. Decl. ("Kendric Decl. Ex. 13"), dated June 25, 2020, [dkt. no. 111-13] (receipts for deposition transcripts); Exhibit 14 to Kendric. Decl. ("Kendric Decl. Ex. 14"), dated June 25, 2020, [dkt. no. 111-14] (work-in-process statement).)

District of New York.[15]  Having carefully reviewed the submitted
time records, the Court concludes that awarding $16,330.00--the
total fees invoiced after December 6, 2019--is appropriate.
(See Kendric Decl. Ex. 12 at 16-24; Kendric Decl. Ex. 14 at 1.)
Those fees all relate to filings associated with Domino's
summary judgment motion and fee application, none of which was
necessary but for Plaintiff's counsel's stubborn refusal to
dismiss the meritless claims against Domino's.

Domino's also asks for $1,001.36 in litigation costs.
(Domino's Fee Reply at 2.)  Again, Plaintiff does not object to
this amount, which relates to deposition transcripts,
photocopying, mailings, and travel.[16]  After closely reviewing
the relevant documents, however, the Court determines that a
slight reduction is appropriate.  Of the $1001.36 requested,
$123.67 relates to travel expenses incurred on December 6, 2019,
presumably for Cookston's deposition.  (See Kendric Decl. Ex. 12
at 16.)  Because the Court will award only costs incurred after
Cookston's deposition, the Court find that Domino's is entitled
only to the remaining costs of $877.69.

---

[15] "Courts in this District have determined that a fee
ranging from $250 to $450 per hour is generally appropriate for
experienced civil rights . . . litigators." Mireku v. Red
Vision Sys., Inc., No. 11 Civ. 9671 (RA) (JLC), 2013 WL 6335978,
at *2 (S.D.N.Y. Dec. 6, 2013) (collecting cases).

[16] (See Kendric Decl. Ex. 12 at 16-17, 19, 22; Kendric Decl.
Ex. 13 at 4; Kendric Decl. Ex. 14 at 1.)

## IV.   Conclusion

To the extent and for the reasons stated above, the motion for attorney's fees and litigation costs [dkt. no. 110] is GRANTED.  The Court orders Plaintiff's counsel, Parker Hanski, within thirty days to pay Domino's attorney's fees in the amount of $16,330.00 and costs in the amount of $877.69.  The Clerk of the Court shall close the motion.

**SO ORDERED.**

Dated:      November 16, 2020
            New York, New York

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge